IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES, <br><br> Plaintiff, <br><br> V. <br><br> GEORGES BENAMOU, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § § § | No. 3:20-cv-81-BN |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wells Fargo Bank National Association, As Trustee for Carrington Mortgage Loan Trust Series 2007-FRE1, Asset-Backed Pass-Through Certificates has filed a motion for summary judgment. *See* Dkt. No. 27. Defendants Georges Benamou, Domonique Ifergen, Michelle Tustes, and Alexandra Hirsh have filed a response, *see* Dkt. No. 31, and Wells Fargo filed a reply, *see* Dkt. No. 34.

Wells Fargo seeks summary judgment on its claim for judicial foreclosure and on Defendants' counterclaim. After reviewing the parties' arguments, the evidence, and the law, the Court grants Wells Fargo's motion.

**Background**

On August 31, 2006, Defendants refinanced their 2004 home equity loan, receiving a new home equity loan through Wells Fargo in the amount of $375,000. *See* Dkt. No. 29-1 at 5-8. The loan was secured by a lien encumbering the property

located at 6050 Burgandy Road, Dallas, Texas 75230 (the "Property"). *Id.* at 62-82. $278,951.94 of the 2006 loan was used to pay off the 2004 loan and discharge the lien. *See* Dkt. No. 32 at 1.

In 2016, Defendants filed suit against Wells Fargo, alleging that the 2006 lien was invalid. *See Benamou et al v. Wells Fargo Bank National Association*, No. 3:16-cv-401-L (N.D. Tex.). On summary judgment, the district court found that, although the 2006 lien was invalid under the Texas Constitution, Wells Fargo preserved its lien rights through equitable subrogation "in the amount of $248,951.94, plus interest at the rate of 6% per annum from September 6, 2006, through foreclosure, in accordance with the terms of [the 2004 lien]." *Id.*, Dkt. No. 24. at 1-2. And the Fifth Circuit affirmed. *See Benamou v. Wells Fargo Bank Nat'l Ass'n*, 711 F. App'x 241, 242 (5th Cir. 2018).

On October 16, 2018, Wells Fargo's mortgage servicer notified Defendants that the 2006 loan was in default. *See* Dkt. No. 29-1 at 11-35. And, on April 1, 2019, after Defendants failed to cure the default, Wells Fargo filed an application for expedited foreclosure of the equitable lien. *See id.* at 83-116.

After Wells Fargo's request for an expedited order was denied, Wells Fargo filed this suit. *See* Dkt. No. 1. Wells Fargo then filed the present motion for summary judgment. *See* Dkt. No. 27.

In its motion, Wells Fargo argues that judicial foreclosure is proper because Defendants defaulted on the 2006 loan, a portion of the loan is secured by an equitable lien, and Wells Fargo notified Defendants of the default and acceleration. *See* Dkt.

No. 28 at 5-6. Further, Wells Fargo argues that summary judgment on Defendants' counterclaim is appropriate because the counterclaim "erroneously conflates the 2006 loan and the 2006 lien" and is "contrary to the language of the February 2017 judgment." *Id.* at 2.

In response, Defendants argue that Wells Fargo cannot foreclose on the property because it failed to provide the required notice. *See* Dkt. No. 32 at 6-8. Although not entirely clear, it seems Defendants argue that the equitable lien created a new debt that is separate from the 2006 loan and that, although Wells Fargo gave notice of default on the 2006 loan, it failed to give notice that Defendants were in default of the equitable lien. *See id.* And Defendants contend that the Court should deny summary judgment on their counterclaim under the Texas Usury Statute because Wells Fargo charged more than the 6% interest allowed by the equitable lien and failed to reduce the amount of the equitable lien for payments received. *See* Dkt. No. 31 at 4-5.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the

summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL

2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

### I.   Wells Fargo's judicial foreclosure claim

Wells Fargo asks the Court to grant summary judgment on its claim for judicial foreclosure. Texas courts require a party pursuing judicial foreclosure to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien; (3) the borrower is in default under the note and security instrument; and (4) the borrower received notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. April 20, 2016).

The summary judgment evidence shows beyond peradventure that Wells Fargo has met every essential element. First, there is no dispute that a debt exists. *See* Dkt. No. 29-1 at 6-9. Both parties agree that, despite the 2006 lien being invalid, the 2006 loan is still in force. *See* Dkt. No. 28 at 5; Dkt. No. 32 at 5.

Second, the February 27, 2017 judgment is evidence that part of the debt owed is secured by a lien. The judgment stated that Wells Fargo was entitled to an equitable lien against the Property in the amount of $248,951.94, plus interest at the

rate of 6% per annum from September 6, 2006, through foreclosure. *See* Dkt. No. 29-1, Ex. B.

Contrary to Defendants arguments, the equitable lien did not create a new debt obligation. Rather, "[s]ubrogation permits a lender to assert rights under a lien its loan has satisfied when the lender's own lien is infirm." *PNC Mortg. v. Howard*, 616 S.W.3d 581, 585 (Tex. 2021). Wells Fargo paid $248,951.94 of the 2006 home equity loan to discharge Defendants' 2004 lien. So, Wells Fargo is "entitled to equitable subrogation for the refinance portion of the loan proceeds that were used to extinguish" Defendants' 2004 lien. *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 620 (Tex. 2007).

Third, there is no dispute that Defendants are in default of the 2006 loan. Wells Fargo has shown that the 2006 loan is past due on the February 1, 2010 payment and, therefore, Defendants are in default. *See* Dkt. No. 29-1 at 119. Defendants do not dispute this fact. *See* Dkt. No. 32 at 2, 6.

Forth, the summary judgment evidence shows that Wells Fargo gave Defendants the requisite notice. "Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure." *Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017).

Wells Fargo's mortgage servicer notified Defendants on October 16, 2018 that the 2006 loan was in default. *See* Dkt. No. 29-1 at 11-14. The notice included the total due, stated what actions Defendants had to take to cure the default, and warned that if they failed to cure, Wells Fargo intended to accelerate. *See id.* at 16-31. And on April 1, 2019, Wells Fargo filed its application for expedited foreclosure of the equitable lien. *See id.* at 83-116.

Defendants' argument that they received no demand or notice of acceleration of the equitable lien is misplaced. As the Court already noted, the equitable lien is not a new debt obligation; rather, it secures the portion of the 2006 loan that Wells Fargo paid to discharge Defendants' 2004 lien. The 2006 loan remains valid, and the notices of default and acceleration concerning that loan were proper.

Because there are no material issues of fact and Wells Fargo has shown beyond peradventure that every essential element is met, the Court grants summary judgment on Wells Fargo's judicial foreclosure claim.

## II. Defendants' Texas Usury Statute counterclaim

Wells Fargo also seeks summary judgment on Defendants' counterclaim for violation of the Texas Usury Statute, TEX. FIN. CODE § 305.001.

"In Texas, contracting for, charging, or receiving interest that is greater than the statutory maximum is contrary to public policy, and creditors that charge usurious interest are subject to penalties." *Express Working Cap., LLC v. Starving Students, Inc.*, 28 F. Supp. 3d 660, 665 (N.D. Tex. 2014) (citing TEX. FIN. CODE §§ 302.001(c), 305.001). Under the Texas law, "the maximum legal rate of interest is

18%." *Bernie's Custom Coach of Texas, Inc. v. Small Bus. Admin.*, 987 F.2d 1195, 1197 (5th Cir. 1993); *see also* TEX. FIN. CODE § 303.009(a).

Here, Defendants provide no evidence – or even allegations – that Wells Fargo charged them interest above the maximum legal rate. The only evidence in the record shows that Wells Fargo charged Defendants interest at 6.7% for the 2006 loan. *See* Dkt. No. 29-1 at 3, 6, 119. Defendants have therefore failed to show a material issue of fact exists for an essential element of their claim.

To the extent that Defendants' counterclaim seeks an order reducing the amount of the equitable lien, the Court grants Wells Fargo's motion. The equitable lien is not a debt that is reduced by payments made. It is an equitable right that was "'fixed' when the prior, valid lien [was] discharged," *Fed. Home Loan Mortg. Corp. v. Zepeda*, 601 S.W.3d 763, 767 (Tex. 2020), and allows the Wells Fargo "to step into the original lienholder's shoes and assume the lienholder's right to the security interest against the debtor," *LaSalle Bank*, 246 S.W.3d at 619.

Further, Defendants' request to reduce the amount of the lien is barred by res judicata. "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Here, the amount of the equitable lien was decided in the 2016 action, which was brought by the same parties and concerned the same equitable lien. And the final judgment was on the

merits and entered by a court of competent jurisdiction. Defendants, therefore, cannot relitigate the amount of the equitable lien in this action.

In sum, Wells Fargo has shown it is entitled to judgment as a matter of law on Defendants' counterclaim, and Defendants have failed to show there is any material issue of fact. Summary judgment is therefore appropriate.

And, because Defendants' payment history attached to its response does not affect the Court's ruling, the Court need not decide Wells Fargo's objections and request to strike Defendants' evidence. *See* Dkt. No. 34 at 1.

## Conclusion

Wells Fargo has shown that the elements for judicial foreclosure are met, and that Defendants counterclaims fail as a matter of law. And Defendants have failed to meet their burden to show that a material fact issue exists as to either claim. For these reasons, the Court GRANTS Wells Fargo's Motion for Summary Judgment [Dkt. No. 27].

SO ORDERED.

DATED: August 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE